Michael Douglas WARMKA and Elizabeth Frances Warmka, through Bryan Warmka, their parent and natural guardian, and Anne Marie Warmka, Appellants,

v.

WELLS FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant and Third-Party Plaintiff, Respondent,

and

Bryan Warmka, et al., Third-Party Defendants, Respondents.

No. C6–90–621.

Court of Appeals of Minnesota.

July 31, 1990.

Review Denied Sept. 20, 1990.

Stacy A. Broman, Hottinger Law Offices, Mankato, for appellants.

Randel I. Bichler, The Joseph R. Gadola Law Office, Wells, for Wells Federal Sav. and Loan Ass'n.

Daniel H. Meyer, Regan, Regan & Meyer, Mankato, for Bryan Warmka, et al.

Considered and decided by KALITOWSKI, P.J., and LANSING and MULALLY *, JJ.

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## OPINION

EDWARD D. MULALLY, Judge.

Appellants Michael and Elizabeth Warmka initiated this action contending respondent Wells Federal Savings and Loan Association wrongfully applied funds on deposit to a joint account holder's outstanding indebtedness. The trial court concluded the accounts were joint accounts and therefore the funds on deposit could be applied against the outstanding indebtedness. The Warmkas appeal, arguing that Wells Federal Savings and Loan Association was legally entitled to apply only those funds on deposit to which the debtor had a beneficial interest. We disagree and affirm.

## FACTS

Marie Jacobe, appellants Michael and Elizabeth Warmka's grandmother, opened several joint certificates of deposit with respondent Wells Federal Savings and Loan Association. The accounts named the children's mother, Mary Lou Warmka, as an account holder, in addition to one of the children. The signature cards signed in association with the certificates of deposit provided that the account was

> in the joint names of the undersigned as joint tenants, with the right of survivorship, and not as tenants in common. Specimens of the signatures of the undersigned are shown below and the Association is hereby authorized to act without further inquiry in accordance with writings bearing either such signature; it being understood and agreed that any one of the undersigned who shall first act shall have power to act in all matters related to the membership in any account in said Association held by the undersigned, whether the other person or persons named in the account be living or not. The withdrawal or redemption value of any such account or other rights relating thereto may be paid or delivered in whole or in part to any one of the undersigned, who shall first act, and such payment or delivery or receipt or acquittance signed by any one of the undersigned shall be a valid and suffi-

cient release and discharge of said Association.

Marie Jacobe intended the monies on deposit would be used for the grandchildren's education and did not intend for the children's parents to have access to the funds. However, the names were listed on the certificates by the use of the conjunction "or."

In 1985, Mary Lou and Bryan Warmka received a business operating loan. Subsequently, at the request of Wells Federal, the certificates of deposit were assigned to Wells Federal. The assignment provided that:

> By giving you an interest in this money, I am securing payment of all my debts to you. This includes debts I owe you now and those I may owe you in the future. * * * If I fail to pay any of my debts when due, you may use money in my account to pay them.

Thereafter, the Warmkas defaulted on the loan and Wells Federal applied the funds on deposit to the outstanding indebtedness. The trial court concluded that since the certificates of deposit were held in a joint account, Wells Federal had a right of setoff against the certificates of deposit.

## ISSUES

Did the trial court err as a matter of law by concluding the assignment of the joint certificates of deposit permitted Wells Federal Savings and Loan Association to apply the entire amount on deposit to one of the joint account holder's outstanding indebtedness?

## ANALYSIS

■ On appeal from summary judgment, an appellate court must determine whether any genuine issues of material fact exist and whether the trial court correctly applied the law. *Offerdahl v. University of Minnesota Hospitals & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). Where the facts are not in dispute, this court need not give deference to the trial court's decision on matters of law. *Hubred v. Control*

*Data Corp.*, 442 N.W.2d 308, 310 (Minn. 1989).

■ The Minnesota Multiparty Accounts Act provides that "the provisions of section 528.09 to 528.14 govern the liability of financial institutions who make payments pursuant thereto and their setoff rights." Minn.Stat. § 528.03 (1988). Minn.Stat. § 528.09 states that:

> Any multiple-party account may be paid, on request, to any one or more of the parties. A financial institution shall not be required to inquire as to the source of funds received for deposit to a multiple-party account, or to inquire as to the proposed application of any sum withdrawn from an account.

Minn.Stat. § 528.09 (1988). Additionally, Minn.Stat. § 528.13 provides that:

> Payment made pursuant to sections 528.09 to 528.11 discharges the financial institution from all claims for amounts so paid whether or not the payment is consistent with the beneficial ownership of the account as between parties * * *.

Minn.Stat. § 528.13 (1988). Lastly, Minn. Stat. § 528.14 provides that:

> Without qualifying any other statutory right to setoff or lien and subject to any contractual provision, if a party to a multiple-party account is indebted to a financial institution, the financial institution has a right to setoff against the account in which the party has or had immediately before death a present right of withdrawal. The amount of the account subject to setoff is that proportion to which the debtor is, or was immediately before death, beneficially entitled, and in the absence of proof of net contributions, to an equal share with all parties having present rights of withdrawal.

Minn.Stat. § 528.14 (1988).

The Warmkas argue Wells Federal could only set off that proportion of the funds to which Mary Lou was beneficially entitled pursuant to Minn.Stat. § 528.14. Further, Mary Lou did not deposit any money into the account, and Marie Jacobe did not intend that Mary Lou have access to the funds. Thus, appellants conclude that Mary Lou did not have a beneficial interest in the funds on deposit and Wells Federal had no authority to apply the funds on deposit to the debt. We disagree.

The central question is whether application of the funds on deposit was a "payment" within the meaning of Minn.Stat. § 528.09 or a setoff pursuant to Minn.Stat. § 528.14. Minn.Stat. § 528.09 states that "[a]ny multiple-party account may be paid, on request, to any one or more of the parties." Payment is defined as a "withdrawal, payment on check or other directive of a party and any pledge * * * or other disposition of all or part of an account pursuant to a pledge." Minn.Stat. § 528.02, subd. 9 (1988). The term withdrawal is further defined as "payment to a third person pursuant to check or other directive of a party." Minn.Stat. § 528.02, subd. 16.

The assignment precludes the characterization of Wells Federal's applying the certificates of deposit to the indebtedness as a setoff since an assignment falls within the statutory definition of payment. Thus, Minn.Stat. § 528.09 governs Wells Federal's liability to the Warmkas. Since Minn. Stat. § 528.13 absolves the financial institution from liability when payments are made pursuant to section 528.09, the trial court correctly granted summary judgment.

■ Further, the Warmkas contend the assignment was not valid and therefore Wells Federal did not have the right to apply the certificates of deposit against their parents' indebtedness. This conclusion is based on the premise that Mary Lou did not have an interest in the account to assign. However, the Minnesota Multiparty Accounts Act provides that a financial institution may pay the amounts on deposit to any one or more of the parties. *See* Minn.Stat. § 528.09. The term payment includes any pledge of sums on deposit. Thus, the Act specifically absolves the bank from liability for "payment" to one of the joint account holders.

Lastly, the Warmkas argue that there is a material question of fact regarding a claim of fraudulent inducement. The Warmkas contend that Wells Federal

fraudulently induced the assignment. The record does not contain any evidence to support this contention.

### DECISION

An assignment of joint certificates of deposit by one joint account holder does not subject the financial institution to liability for applying the funds on deposit to the assigning joint account holder's outstanding indebtedness.

Affirmed.